UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AMERICAN UNITED LIFE INSURANCE : 
COMPANY,                         :      3:14cv1339 (WWE)
                                 :
v.                               :
                                 :
THE TRAVELERS INDEMNITY          :
COMPANY, TRAVELERS CASUALTY      :
AND SURETY COMPANY AND THE       :
STANDARD FIRE INSURANCE          :
COMPANY (collectively, Travelers) :

**MEMORANDUM OF DECISION ON CROSS PETITIONS TO COMPEL ARBITRATION**

Plaintiff American United Life Insurance Company ("AUL") has filed a petition to compel arbitration pursuant to a reinsurance contract with Travelers. Specifically, AUL asserts that arbitration is necessary to resolve whether a prior arbitration award has preclusive effect as to the valuation of certain claims. AUL invokes Article 16 of the reinsurance contract, which provides that "any dispute between the Company and the Reinsurer arising out of, or relating to the formation, interpretation, performance or breach of this Contract, whether such dispute arises before or after termination of this Contract, shall be submitted to arbitration."

Travelers has filed a cross-petition, arguing that the valuation of the claims should be determined by an actuary panel pursuant to Article 6 of the reinsurance contract. Article 6 provides that the "sole remedy to resolve disputes involving the determination of the Reinsurer's liability" for losses shall be appointment of an actuary or an actuary panel to "investigate, determine and capitalize the present value" of the

claimed losses.

## Background

In a prior Final Decision, the arbitration panel considered whether Travelers was entitled to commutation payment for certain claims. The panel found that commutation was mandatory; set forth that Travelers could use certain valuation methods for the "Open Sunset/Non Tabular Claims;" and set a 120-day deadline from the date of the decision for Travelers to deliver AUL valuation quotes. The decision also provided: "To the extent any individual Open Sunset/Non Tabular claim is not addressed in any such quotation(s) delivered, or is valued at an amount less than applicable retention, its commutation value shall be zero." Thus, according to the Final Decision, Travelers had until April 22, 2014, to provide AUL with quotations for the Open Sunset/Non Tabular claims.

On March 7, Travelers provided quotations for seven claims. AUL maintains that Travelers did not provide quotations for all of the Open Sunset/Non-Tabular claims. AUL asked Travelers for more information to substantiate the provided quotes. On April 21, Travelers refused to supply more information and demanded an actuary proceeding pursuant to Article 6 to determine the amounts AUL should pay to Travelers.

In response, AUL demanded an arbitration pursuant to Article 16 due to its contentions that Travelers was in breach of contract by failing to supply information as to the quotations in accordance with contractual provision Article 22, and it had acted in bad faith in providing the quotations. AUL also set forth that it required a determination

on whether an actuary panel should be empanelled pursuant to Article 6 and the extent of jurisdiction of that panel.

## Discussion

Courts confronted with a dispute between parties subject to arbitration must "construe arbitration clauses as broadly as possible." S.A. Mineracao de Tridade-Samitri v. Utah Int'l. Inc., 745 F.2d 190, 194 (2d Cir. 1984). "Arbitration should be ordered unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." McMahan Securities Co. L.P. v. Forum Capital Markets L.P., 35 F.3d 82, 88 (2d Cir. 1994). In evaluating a motion to compel arbitration, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

The Court should consider: (1) whether the parties agreed to arbitrate; and (2) whether the scope of the arbitration clause covers the plaintiff's claims. See Genesco, Inc. v. T. Kakiuchi, 815 F.2d 840, 845 (2d Cir. 1987). Arbitration "is a matter of consent, not coercion." Volt Info. Sciences, Inc. v. Bd. of Trs. of Leleand Stanford Jr. Univ., 489 U.S. 468, 479 (1989).

Here, the parties agreed to the arbitration provision at issue. The Court must determine whether the dispute is covered by the arbitration provision.

Procedural questions that grow out of the dispute and bear on the final disposition and questions of whether the "necessary prerequisites to arbitration" have been met are presumptively for the arbitrator rather than the court to decide. Republic of Ecuador v. Chevron Corp., 638 F.3d 384, 393-94 (2d Cir. 2011); see also Howsam v.

Dean Witter Reynold, Inc., 537 U.S. 79, 84 (2002).  Thus, the presumption is that the arbitrator should decide allegations of waiver, delay or a similar defense to arbitrability. Moses H. Cone Memorial Hopital, 460 U.S. at 24-25.

     1.     Whether an Actuary or Arbitration Panel Should be Empanelled

The instant dispute between AUL and Travelers arises from AUL's (1) assertion of the preclusive effect of the prior arbitration decision, which thereby precludes Travelers from seeking and enforcing quotations on all of the Open Sunset/Non-Tabular Claims; (2) whether Travelers breached its Article 22 obligations; and (3) whether an actuary panel should be appointed. Travelers asserts that the dispute should be resolved by the Article 6 actuary panel, which is the sole remedy for issues that concern commutation.

The Court agrees with AUL that the dispute should be referred to an arbitration panel to determine the threshold issue of whether an Article 6 actuarial panel or Article 16 arbitration panel should be convened to resolve the pending issues.  In so ruling, the Court is guided by the contractual plain language.  The extent of jurisdiction afforded to the Article 6 actuarial panel requires interpretation of the contractual provisions.  Article 16 specifically provides that "any dispute between the Company and the Reinsurer arising out of, or relating to the formation, interpretation, performance or breach of this Contract, whether such dispute arises before or after termination of this Contract, shall be submitted to arbitration."  Accordingly, the Court will grant AUL's petition on this ground.

2. Whether Travelers Has Forfeited the Right to Name Article 16 Umpire Candidates

AUL argues that Travelers has forfeited its right to name Article 16 candidates and that the Court should select an umpire from among the three candidates nominated by AUL pursuant to the authority of Section 5 of the FAA.[1]  Travelers disputes that it has forfeited its right to select an umpire.

Article 16 provides that each party shall choose one arbitrator and the two arbitrators shall choose an impartial third arbitrator prior to instituting the hearing.  It states further that "[i]f the two arbitrators are unable to agree upon the third arbitrator within thirty (30) days of their appointment, the third arbitrator shall be selected from a list of six individuals by a judge of the federal district court" within the jurisdiction where the arbitration will take place.

AUL asserts that Travelers agreed to a deadline of September 5, 2014, to submit its list of three umpire candidates but failed to do so.  AUL requests that the Court enter an order appointing Paul C. Thomson, Raymond J. Lester or Stephen A. Hartigan as umpire for the Article 16 arbitration.  Section 5 of the FAA allows the district court to

---

[1] Section 5 provides: "If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or *if a method be provided and any party thereto shall fail to avail himself of such method,* or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, *then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire,* as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator."

"spur the arbitral process forward, rather than to let it stagnate into endless bickering over the selection process," but Section 5 also respects the parties' agreement by requiring compliance with agreed upon procedures when possible. Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp., 814 F.2d 1324, 1329 (9th Cir. 1987). A party's "failure to avail" occurs when one party refuses to comply with the procedures set forth for selection of an umpire or arbitrator. In re Salomon Inc., 68 F.3d 554, 560 (2d Cir. 1995).

In this instance, upon review of the correspondence between the parties, the Court finds that Travelers' failure to submit the list of umpires for selection is attributable to its efforts to settle the valuation dispute without resort to an actuary or arbitration panel. On September 5, Travelers representative David Raim sent AUL representative David Spector an email that attached a "settlement communication." That same day, AUL's Spector responded by submitting its three umpire candidates and indicating that the settlement communication would be considered. Raim answered that he was surprised that AUL's response to his communication was to resubmit names for umpire in light of the prior settlement communication. He stated further that Travelers believed that an Article 16 proceeding was inappropriate, but that, if AUL insisted, Travelers would submit the list of candidates. Ten days later, Spector had not responded, and Raim asked AUL when to expect a response. Spector answered that he hoped to get back to him soon; later that day, he sent Raim the filing that had been filed in district court and requested that Raim accept service on behalf of Travelers. Accordingly, this case does not implicate an impasse due to Travelers' failure to avail itself of the designated procedures. Rather, Travelers had communicated to AUL its intent to

provide a list of candidates if AUL indicated that such procedure was still necessary in light of the effort to settle the dispute.  Waiver requires a voluntary relinquishment of a known right.  RCM Securities Fund, Inc. v. Stanton, 928 F.2d 1318, 1329 (2d Cir. 1991).  Thus, Travelers has not voluntarily relinquished its right to submit its list of candidates.  See RLI Ins. Co. v. Kansa Reinsurance Co., Ltd., 1991 WL 243425, *3 (S.D.N.Y. 1991).

Accordingly, with due respect to the parties' agreement, the Court will instruct Travelers to comply with the procedures set forth in Article 16.  See Global Reinsurance Corp.–U.S. Branch v. Certain Underwriters at Lloyd's, London, 465 F. Supp. 2d 308, 312 (S.D.N.Y. 2006) (courts should attempt to implement arbitration clause as written); RLI Ins. Co.,1991 WL 243425, *4  (instructing parties to follow terms of agreement rather than appointing umpire).  Travelers will have ten days from the issuance of this ruling to provide its list of umpire candidates.

## CONCLUSION

For the foregoing reasons, the Court GRANTS AUL's petition to compel arbitration pursuant to Article 16 and DENIES Traveler's petition to compel an actuarial panel pursuant to Article 6.  In compliance with this ruling, Travelers is instructed to comply with the procedures set forth in Article 16 within ten days of this ruling's filing date.

Dated this 18th day of August, 2015 at Bridgeport, Connecticut.

    /s/Warren W. Eginton
Warren W. Eginton
Senior U.S. District Judge